# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

JOEL B. ROTHMAN, CRAIG A. WIRTH, and SRIPLAW, P.A.,
Appellants,

v.

A SHOC BEVERAGE, LLC, *et. al.*
Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case No.: 9:21-cv-80740-DMM-WM

## MOTION FOR STAY OF ENFORCEMENT OF DISTRICT COURT ORDER PENDING APPEAL PURSUANT TO FED. R. APP. P. RULE 8

JOEL B. ROTHMAN
**SRIPLAW, P.A.**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350

AVERY A. DIAL
BARBARA R. SCHABERT
**KAUFMAN DOLOWICH &
VOLUCK, LLP**
100 SE 3rd Avenue, Suite 1500
Fort Lauderdale, Florida 33394
Telephone: (954) 302-2360
*Counsel for Joel B. Rothman, Craig A.
Wirth and SRIPLAW, P.A.*

# **TABLE OF CONTENTS**

I. INTRODUCTION..............................................................................................1

II. SUMMARY OF THE CASE ON APPEAL .......................................................2

III. ARGUMENT...................................................................................................6

   a. A Stay of the District Court Order Should be Entered Pending Appeal Because Appellants Have Made a Strong Showing That They Are Likely to Succeed on the Merits ................................................................................................................6

     1. The District Court Order Lacked a Factual or Legal Basis to Impose Sanctions Under § 1927 ......................................................................................8

     2. There was no Basis to Impose Sanctions on Celsius, and Therefore it Follows that Celsius' Former Counsel are Likely to Succeed on the Merits of This Appeal. .......................................................................................................10

     3. The Conduct of Former Counsel in the Discovery Process where a Hearing was Never Held on Celsius' Discovery Objections was Not a Valid Basis to Find Bad Faith. .......................................................................................................12

   b. Appellants Will Be Irreparably Injured Absent a Stay ...............................14

   c. A SHOC Will Not Be Harmed by a Stay .....................................................15

   d. The Public Interest Favors a Stay ...............................................................16

IV. CONCLUSION .............................................................................................16

Certificate of Interested Persons and Corporate Disclosure Statement ...................19

Certificate of Service ...............................................................................................21

# TABLE OF AUTHORITIES

**Cases** **Page**

*Amlong & Amlong v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007)3, 7, 9, 12

*Casa Duse, LLC v. Merkin,* 791 F.3d 247, 264 (2nd Cir. 2015) ............................10

*Coleman v. Oasis Outsourcing, Inc.*, 779 F. App'x 649, 653 (11th Cir. 2019).......12

*Dreiling v. Peugeot Motors of Am., Inc.,* 786 F.2d 1159........................................11

*Hicks-Washington v. Housing Authority of City of Fort Lauderdale,* No. 18-61662-CIV-MORENO/SELTZER, 2019 WL 341185, at *5 (S.D. Fla. Jan. 28, 2019)..13

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987) ......................................................6

*International Brominated Solvents Ass'n v. American Conference of Governmental Industrial Hygienists, Inc.,* No. 5:04-cv-394(HL), 2008 WL 1805445, at *5 (M.D. Ga. April 18, 2018)........................................................................................13

*Malautea v. Suzuki Motor Co. Ltd.,* 987 F.2d 1526, 1544 (11th Cir. 1993) ............8

*Peer v. Lewis,* 606 F.3d 1306, 1314 (11th Cir. 2010).............................................14

*Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir. 1997) ...............9, 10

*Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000) ....................................6

*Riley v. Hannibal,* 1:16-CV-02544-LMM, 2018 WL 8665428, at *3 (N.D. Ga. Nov. 27, 2018)...............................................................................................................11

*Santini v. Cleveland Clinic,* 232 F.3d 823, 825 n.1 (11th Cir. 2000) .......................5

*Schwartz v. Millon Air, Inc.* 341 F.3d 1220, 1225 (11th Cir. 2003)............. 8, 11, 12

*Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1224-1225 (10th Cir. 2006) .............9

*Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1320 (11th Cir. 2002) ...12

*United States v. International Bd. of Teamsters,* 948 F.2d 1338, 1345 (2nd Cir. 1991) .............................................................................................................................10

*Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.,* 103 F.3d 294, 297-298 (3rd Cir. 1996)..........................................................................................................................11

**Statutes** **Page**

§1927......................................................................................................... passim

§1937.................................................................................................................3

15 U.S.C. §1117(a) ...........................................................................................3

28 U.S.C. §1291................................................................................................5

28 U.S.C. §1927 ........................................................................... 3, 7, 8, 9, 11

**Rules** **Page**

Fed. R. Civ. P. Rule 41(a)(1)(A)(i).................................................................3

Fed. R. Civ. P. Rule 8(a)(2) .............................................................................6

# I.   INTRODUCTION

The Appellants, Joel B. Rothman, Craig A. Wirth are former counsel for Celsius Holdings, Inc. in the case below styled *Celsius Holdings, Inc. v. A Shoc Beverage, LLC and Keurig Dr Pepper, Inc.,* filed in the Southern District of Florida, Case No. 9:21-cv-80740-DMM-WM ("Celsius/A SHOC Case"). SRIPLAW, P.A. is appellants' law firm based in Boca Raton, Florida. Rothman, Wirth and SRIPLAW are referred to herein as "former counsel for Celsius."

Former counsel for Celsius seeks a stay of enforcement against former counsel for Celsius[1] (Rothman, Wirth and SRIPLAW) of the order on appeal entered July 19, 2022, awarding A SHOC the amount of $249,357.50 in sanctions and attorneys' fees without any determination of wrongdoing by former counsel for Celsius. (DE 66).

Former counsel for Celsius filed a motion for stay seeking the same relief in the district court on August 18, 2022. (DE 79). The motion was supported by the declaration of Joel Rothman attesting to former counsel's inability to pay the judgment or post a bond. (DE 79-1). The motion also demonstrated that enforcement of the order on appeal against former counsel, especially SRIPLAW, would place

---

[1] Celsius Holdings, Inc. is not a party to this appeal. Former counsel for Celsius does not represent Celsius anymore and does not seek a stay of the enforcement of the order on appeal against Celsius.

the firm's other creditors in jeopardy and force the firm to file bankruptcy. (DE 79-1).

The district court has not ruled on the motion to stay. A SHOC has begun efforts to collect the order on appeal from former counsel and has refused to refrain from attempting to collect against former counsel while this appeal is pending. Therefore, a stay is necessary to protect former counsel and preserve the status quo while this appeal is pending.

## II.     SUMMARY OF THE CASE ON APPEAL

The Celsius/A SHOC Case was filed on April 20, 2021. Celsius' complaint alleged Lanham Act claims for trade dress infringement, false advertising and related state law claims. (DE 1). A SHOC, a competitor of Celsius in energy drinks, moved to dismiss for failure to state a claim. (DE 27). Celsius opposed the motion. (DE 32). A SHOC replied. (DE 33). The motion was never decided by the district court.

Discovery moved forward on an accelerated schedule. (DE 20). While the case was pending, in early August of 2021, A SHOC publicly announced it was working with a famous marketing and branding expert on a new brand identity and design for its products. (DE 57-1 and 57-2). This told Celsius that the parties' dispute over can design and label claims would soon be moot. (DE 57). At the same time, the parties became mired in discovery disputes over A SHOC's scorched earth discovery demands. (DE 35, 46).

By September of 2021, Celsius determined that the best course of action was to dismiss. Celsius filed its notice of dismissal pursuant to Fed. R. Civ. P. Rule 41(a)(1)(A)(i) without prejudice on September 14, 2021. (DE 50). The magistrate judge canceled the discovery hearing, and the district court accepted the magistrate judge's cancelation and entered its order closing the case and dismissing it without prejudice. (DE 51, 53-1).

Two months later, A SHOC filed a motion for "sanctions and fees" against Celsius based on 28 U.S.C. § 1927, the court's inherent powers, and 15 U.S.C. § 1117(a).[2] (DE 54). The motion did not contain any specific accusations against counsel for Celsius for any specific improper conduct. Rather, the motion was directed against Celsius, not counsel. The only reference to sanctioning counsel in the motion was in a footnote on page one that read "A SHOC defers to the Court whether it is appropriate to sanction Plaintiff's counsel under 28 U.S.C. § 1927 or Celsius under the Court's inherent power. The substantive analysis under either source of the Court's authority is the same. *See Amlong & Amlong v. Denny's, Inc*., 500 F.3d 1230, 1239 (11th Cir. 2007)." (DE 54 at 1).

---

[2] In its order entering sanctions pursuant to § 1927, the district court stated that "[b]ecause I have concluded that Defendants are entitled to recover their attorneys' fees under § 1937 (sic), I do not reach their arguments under the Court's inherent powers or the Lanham Act." (DE 66 at 5, fn. 2).

Celsius opposed the motion and explained the basis for its dismissal was A SHOC's voluntary packaging changes. (DE 57). The motion was fully briefed and submitted.

Five months later the district court held oral argument on the motion where it questioned Celsius' counsel about the timing of the dismissal occurring right before the discovery hearings scheduled with the Magistrate Judge. (DE 82-1). Celsius' counsel argued that Celsius validly objected to A SHOC's irrelevant and harassing discovery that had nothing to do with Celsius' decision to dismiss. (Id.)

On July 19, 2022, the district court entered the order on appeal granting A SHOC's motion for sanctions and fees. (DE 66). The order condemns Celsius for the "weakness" of its claims and its conduct during discovery but mentions nothing about Celsius' counsel. The order determined that "the weakness of Plaintiffs claims, combined with its conduct throughout the discovery process, rise to the level of bad faith, and I will therefore award Defendants their attorneys' fees as a sanction" under § 1927. (DE 66 at 5).

The order also awarded A SHOC 100% of its fee request without determining what amounts of excess fees were due to the allegedly vexatious litigation. (DE 66 at 8-10). The district court made no effort to allocate any of the fees to any alleged delay or vexatious conduct of Celsius or its counsel.

The order speaks in terms of "plaintiff's" actions throughout, not those of plaintiff's counsel. The order says nothing about any vexatious conduct of counsel for Celsius – the appellants here – whatsoever. Yet the order's conclusion recites that "Defendants are **AWARDED** their reasonable attorneys' and experts' fees in the amount of **$249,357.50.** This amount is entered against *Plaintiff's counsel*." (DE 66 at 10) (emphasis in italics added, emphasis in bold in original).

On August 15, 2022, former counsel for Celsius filed a notice of appeal of the District Court Order.[3] (DE 76).

Former counsel for Celsius filed their motion to stay enforcement of the district court's order in the district court on August 18, 2022. (DE 78).[4] That motion has not been ruled on by the district court.

---

[3] The District Court Order is a final appealable decision under 28 U.S.C. §1291 because it assessed the amount of the sanction and "leaves nothing for the court to do but execute the judgment," as distinguished from an order granting a motion for attorneys' fees but leaving the amount of the fees unresolved and unfixed. *See Santini v. Cleveland Clinic,* 232 F.3d 823, 825 n.1 (11th Cir. 2000) (determining that an order imposing sanctions against counsel but failing to determine the amount of the sanctions was non-final and not appealable).

[4] On August 19, 2022, Appellants filed an Amended Motion to Stay Enforcement of the District Court Order, amended only to add a Table of Authorities. *See* ECF No. 79.

### III.   ARGUMENT

Former counsel for Celsius move this court for a stay pursuant to Fed. R. Civ. P. Rule 8(a)(2). A motion for stay was made in the district court three months ago but stay relief has not been afforded to former counsel for Celsius as of today.

The determination whether to enter a stay is discretionary based on the following four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

#### a. A Stay of the District Court Order Should be Entered Pending Appeal Because Appellants Have Made a Strong Showing That They Are Likely to Succeed on the Merits

Former counsel for Celsius is likely to succeed on the merits of its appeal for at least the two reasons.[5] *First,* the district court's order lacks any legal or factual

---

[5] The reasons set forth here are not meant to be an exhaustive list of the grounds on which former counsel for Celsius will base their appeal in their initial brief. There are others. These two are just the most obvious.

For example, the district court did not put former counsel for Celsius on notice that it was considering awarding sanctions against former counsel (as opposed to sanctioning Celsius), and it did not hold an evidentiary hearing thereon. "[A]n attorney threatened with sanctions under § 1927 is entitled to a hearing." *Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000).

The district court failed to hold a hearing on sanctions and afford former counsel for Celsius a right to present evidence, witnesses, or argument on why § 1927 sanctions were unproven and unjustified. See *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500

basis to sanction former counsel for Celsius under 28 U.S.C. §1927, the vexatious litigant statute. The order says nothing about former counsel engaging in unreasonable or vexatious conduct. It says nothing about that whatsoever. The order also says nothing about former counsel multiplying proceedings. Again, it says nothing about former counsel whatsoever. Finally, the order entered the entire amount of fees A SHOC incurred for entire defense of the case, not the amount associated with the excess proceedings, and therefore at the very least vacation and remand to recalculate the amount will be necessary.

*Second*, Celsius itself did nothing vexatious to entitle A SHOC to sanctions under § 1927. The order on appeal is woefully inadequate and speculative. The actions of Celsius described in the order could just as easily be justified as appropriate litigation conduct. The order does not support sanctions at any level, but most certainly not at the level of vexatiousness required under § 1927. It follows therefore that entry of sanctions against counsel for Celsius was doubly improper and unjustified.

---

F.3d 1230, 1242 (11th Cir. 2006) (district court erred when it made factual findings without a hearing based on her own independent interpretation of the transcript and record of the hearing held by the magistrate judge who found no basis to impose § 1927 sanctions on counsel).

Oral argument where the court never mentioned its intention to sanction counsel is obviously not sufficient.

### 1. The District Court Order Lacked a Factual or Legal Basis to Impose Sanctions Under § 1927

The order appealed from sanctioned former counsel for Celsius under the vexatious litigant statute[6], 28 U.S.C. §1927, that provides:

> Any attorney or other person admitted to conduct cases in any court of the United States… who so multiplies the proceedings in any cases unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927.

The imposition of sanctions pursuant to §1927 requires as finding that (1) counsel engaged in unreasonable and vexatious conduct, (2) that this conduct multiplied the proceedings, and (3) that the amount of sanction bears a financial nexus to the cost associated with the excess proceedings. *Peterson v. BMI*

---

[6] The district court agreed with A SHOC that the standard for imposing sanctions under § 1927 was met because "Plaintiff 'brought claims with no basis in law or fact and dragged-out discovery with frivolous objections' and 'willfully disregarded the Court's scheduling order' before 'finally withdrawing its claims only to avoid appearing before this Court to justify its conduct.'" (DE 66 at 5 quoting DE 54 at 11).

The district erred by relying on lack of merit alone. "For sanctions under section 1927 to be appropriate, something more than a lack of merit is required. The statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" *Schwartz v. Millon Air, Inc.* 341 F.3d 1220, 1225 (11th Cir. 2003) quoting *Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1526, 1544 (11th Cir. 1993). This provides another reason why former counsel is likely to prevail.

*Refractories,* 124 F.3d 1386, 1396 (11th Cir. 1997). Furthermore, § 1927 applies only to the multiplication of proceedings and not the initiation of proceedings. *See Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1224-1225 (10th Cir. 2006).

The order on appeal lacked the required findings. There is absolutely nothing in the order on appeal that describes the conduct of former counsel for Celsius as being vexatious whatsoever. The conduct referred to throughout the order concerns the conduct of "plaintiff," namely Celsius. This court has "consistently held that an attorney multiplies proceedings unreasonably and vexatiously within the meaning of [§ 1927] only when the attorneys' conduct is so egregious that it is tantamount to bad faith." *Amlong*, 500 F.3d at 1239 (internal quotations omitted). There is nothing in the order showing that former counsel engaged in unreasonable or vexatious conduct. Without a basis to support the district court's final decree that the "amount [of § 1927 sanctions] is entered against *Plaintiff's counsel,"* was based on counsel's unreasonable or vexatious conduct, it must be reversed.

The order on appeal also lacks any basis to show that former counsel for Celsius multiplied the proceedings in any way. The order indicates that "Plaintiff [Celsius] has failed to offer any justification for its failure to meaningfully participate in discovery, which caused Defendants to file multiple discovery motions, unnecessarily and vexatiously multiplying litigation and driving up Defendants' attorneys' fees." (DE 66 at 7). The order says nothing about former

counsel for Celsius being at fault. For an award under §1927 to be proper, the facts must show that the "attorney's actions [were] so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *See Casa Duse, LLC v. Merkin,* 791 F.3d 247, 264 (2nd Cir. 2015) (quoting *United States v. International Bd. of Teamsters,* 948 F.2d 1338, 1345 (2nd Cir. 1991). Here, there are no such facts showing former counsel, as opposed to Celsius, was responsible for the delay.

Finally, the amount of the sanction bears no nexus to the financial cost of excess proceedings. In order for § 1927 to be applicable, there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings. "Under the plain statutory language, objectionable conduct--even 'unreasonable and vexatious' conduct--is not sanctionable unless it results in proceedings that would not have been conducted otherwise." *Peterson,* 124 F.3d at 1396. Here, no effort was made to determine what, if any, proceedings would have been conducted otherwise. Instead, the district court just awarded A SHOC its entire attorneys' fees and expert fees. That was improper and contrary to this court's requirements, subjecting the order on appeal to reversal.

**2. There was no Basis to Impose Sanctions on Celsius, and Therefore it Follows that Celsius' Former Counsel are Likely to Succeed on the Merits of This Appeal.**

The district court's determination that sanctions were warranted was based upon "the weakness of Plaintiff's claims, combined with its conduct throughout the discovery process, [that] rise to the level of bad faith." (DE 66 at 5). This was not bad faith nor a valid basis to sanction Celsius.

The "weakness of Plaintiff's claims" cannot be considered under §1927. *See Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003) ("For sanctions under section 1927 to be appropriate, something more than a lack of merits is required."). The filing of an action that the district court later finds not to be meritorious is not enough to justify §1927 sanctions either. *See e.g., Riley v. Hannibal,* 1:16-CV-02544-LMM, 2018 WL 8665428, at *3 (N.D. Ga. Nov. 27, 2018) (denying plaintiff's motion for section 1927 sanctions because "asserting a claim or position that the court later finds not to have merit does not warrant sanctions under 1927, otherwise sanctions would be required in every case."). In other words, flawed arguments are also not sanctionable conduct under §1927.

Rather, to be sanctionable under §1927, the conduct must "rise to the level of a serious and studied disregard for the orderly processes of justice." *Dreiling v. Peugeot Motors of Am., Inc.,* 786 F.2d 1159, 1165 (10th Cir. 1985). Before a court can impose sanctions under § 1927 "there must at least be statements on the record which this court can construe as an implicit finding of bad faith." *See Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.,* 103 F.3d 294, 297-298 (3rd Cir. 1996).

"'Bad faith' is the touchstone." *Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003). Bad faith is not merely weak claims combined with objections to discovery that never see the light of day at a hearing. Bad faith requires more. See, e.g., *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1320 (11th Cir. 2002) (defining bad faith under the courts' inherent power to award sanctions as "knowingly or recklessly rais[ing] a frivolous argument, or argu[ing] a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.").

Moreover, "[b]ad faith is measured objectively, such that a 'court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings.'" *Coleman v. Oasis Outsourcing, Inc.*, 779 F. App'x 649, 653 (11th Cir. 2019) quoting *Amlong,* 500 F.3d at 1241. There was no objective evidence of Celsius' bad faith. Therefore, the district court's finding of bad faith was unsupported.

### 3. The Conduct of Former Counsel in the Discovery Process where a Hearing was Never Held on Celsius' Discovery Objections was Not a Valid Basis to Find Bad Faith.

The Honorable Magistrate Judge William Matthewman was referred the pending discovery motions that the district court discussed in its order. When Celsius filed its notice of dismissal, Judge Matthewman exercised his discretion not to decide the motions and denied them as moot. The motions never saw the light of a

hearing. No discovery orders were entered. There was no determination that Celsius "failed to meaningfully participate in the discovery process" as the district court indicated in its order on appeal. Magistrate Judge Matthewman never got to determine whether it was the "conduct of [Celsius] throughout the discovery process" that was the problem as the district court concluded, or whether Celsius' objections to A SHOC's irrelevant and harassing discovery were proper and justified as Celsius maintained.

In any event, discovery disputes are not sanctionable conduct. *See International Brominated Solvents Ass'n v. American Conference of Governmental Industrial Hygienists, Inc.,* No. 5:04-cv-394(HL), 2008 WL 1805445, at *5 (M.D. Ga. April 18, 2018) (holding that multiple discovery disputes leading to motions to compel is not a demonstration of ideal, cooperative discovery process envisioned by the Federal Rules; however, the behavior does not warrant sanctions); *see also Hicks-Washington v. Housing Authority of City of Fort Lauderdale,* No. 18-61662-CIV-MORENO/SELTZER, 2019 WL 341185, at *5 (S.D. Fla. Jan. 28, 2019) (denying plaintiff's motion for sanctions because even though the court ordered defendants to provide better answers to written discovery, there was no evidence to support plaintiff's conclusory assertion that defendants acted in bad faith.)

Furthermore, even if an argument could be made that Celsius' objections were unjustified, which is disputed, there was no delay, and § 1927 requires delay to

trigger sanctions, because they are "intended to deter any attorney from intentionally and unnecessarily delaying judicial proceedings." *Peer v. Lewis,* 606 F.3d 1306, 1314 (11th Cir. 2010). The district court's entry of § 1927 sanctions based on discovery disputes referred to Magistrate Judge Matthewman, but not determined by him, was invalid and provides a meritorious basis for appeal.

### b. Appellants Will Be Irreparably Injured Absent a Stay

Former counsel for Celsius relies here on the Declaration of Joel Rothman filed in the district court in support of their argument that they will be irreparably injured absent a stay. (DE 78-1). Rothman, Wirth and SRIPLAW lack the ability to pay the amount of $249,357.50 ordered by the district court. A SHOC has refused to refrain from enforcement of the judgment. As a result, denial of a stay will force Rothman, Wirth (an associate that Rothman and the firm must indemnify and defend), and the firm to seek bankruptcy protection to stay collection efforts against them.

Rothman's entire net worth is tied up in his home and his retirement plan. Rothman has limited liquid assets. Rothman does not personally have the means to satisfy the district court's award. Neither does SRIPLAW. SRIPLAW does not have the funds to pay A SHOC. SRIPLAW employs eleven (11) attorneys, and twelve (12) support staff in four (4) offices. The funds SRIPLAW has are needed to meet its ongoing obligations to its employees and creditors.

Celsius has made a malpractice claim against former counsel for Celsius. SRIPLAW has a legal malpractice insurance policy; however, SRIPLAW's insurer refused to provide the collateral, or the guarantee needed for an appeal bond. Rothman, Wirth, and SRIPLAW do not have the collateral necessary to obtain a bond. Former counsel also asked Celsius to guarantee or purchase such a bond, but Celsius refused.

A SHOC refuses to refrain from collection efforts against former counsel for Celsius. Unless a stay is entered, former counsel for Celsius will be irreparably and irrevocably harmed in ways that cannot be accurately measured. A stay should be ordered.

### c. A SHOC Will Not Be Harmed by a Stay

A stay will not harm A SHOC. SRIPLAW's malpractice insurance policy has limits of $1,000,000, and there are no other claims against the policy. Therefore, to the extent that SRIPLAW's malpractice insurance policy is required to pay the amount ordered by the district court to A SHOC, the policy limits are sufficient.

Celsius also has sufficient means to pay. This court should take judicial notice that Celsius is a publicly traded company (ticker: CELH) with a market capitalization of $6.48 billion dollars based on a closing price of $85.66 per share on October 21, 2022. Therefore, Celsius has either the funds or the credit facilities necessary to pay A SHOC for the amount awarded in the order.

#### d.  The Public Interest Favors a Stay

The public interest lies in permitting parties to appeal rulings such as the order on appeal without the parties appealing being forced to resort to drastic measures like declaring bankruptcy to obtain an automatic stay of enforcement under the Bankruptcy Code and the attendant harm that will cause to former counsel for Celsius. The public interest favors a stay.

### IV.   <u>CONCLUSION</u>

For the above detailed reasons, and those set forth in the Declaration of Joel Rothman, this court should enter a stay of enforcement of the district court's order on appeal pursuant to Rule 8 of the Federal Rules of Appellate Procedure.

Dated: October 24, 2022

Respectfully submitted,

KAUFMAN DOLOWICH & VOLUCK, LLP

*/s/ Avery A. Dial, Esq.*
**Avery A. Dial, Esq.**
Florida Bar No.: 732036
Email: adial@kdvlaw.com
**Barbara R. Schabert, Esq.**
Florida Bar No.: 121421
Email: bschabert@kdvlaw.com
100 SE 3rd Avenue, Suite 1500
Fort Lauderdale, Florida 33394
Telephone: (954) 302-2360
Facsimile: (888) 464-7982
*Counsel for Defendants, Joel B. Rothman,*
*Craig A. Wirth and SRIPLAW, P.A.*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.     This document complies with the word limit of FRAP 32(a)(7)(B)(i) because, excluding the parts of the document exempted by FRAP 32(f), this document contains <u>3,843</u> words.

2.     This document complies with the typeface requirements of FRAP 32(a)(5)(A) and the type-style requirements of FRAP 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word v. 2208 with Times New Roman size 14.

<i><u>/s/ Avery A. Dial, Esq.</u></i>

Appellants, JOEL B. ROTHMAN, CRAIG A. WIRTH, and SRIPLAW, P.A., by and through their undersigned counsel and pursuant to 11th Cir. R. 26.1-1(a) hereby state as follows:

Upon information and belief based on due diligence research performed, the following are believed to have an interest in the outcome of this case or appeal:

A Shoc Beverage, LLC

Celsius Holdings, Inc.

Coffey Burlington, P.L. – Counsel for A Shoc Beverage, LLC and Keurig Dr. Pepper, Inc.

DeSantis, Carl – Shareholder of Celsius Holdings, Inc.

Dial, Avery A. – Counsel for Appellants

Hogan, Howell S. – Counsel for A Shoc Beverage, LLC and Keurig Dr. Pepper, Inc.

Kaplan, Kevin C.  – Counsel for A Shoc Beverage, LLC and Keurig Dr. Pepper, Inc.

Kaufman Dolowich & Voluck, LLP – Counsel for Appellants

Keurig Dr. Pepper, Inc.

Kopp, Christopher F. – Counsel for A Shoc Beverage, LLC and Keurig Dr. Pepper, Inc.

Milmoe, William H. – Shareholder of Celsius Holdings, Inc.

Rothman, Joel B. – Appellant

Schabert, Barbara R. – Counsel for Appellants

Shing, Li Ka – Shareholder of Celsius Holdings, Inc.

SRIPLAW, P.A. – Appellant

Teitelbaum, Meir – Counsel for Celsius Holdings, Inc.

Wirth, Craig A. – Appellant

*/s/ Avery A. Dial, Esq.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of October 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Avery A. Dial, Esq.*